**BOYAMIAN LAW, INC.**
Michael H. Boyamian, SBN 256107
550 North Brand Boulevard, Suite 1500
Glendale, California 91203
T: (818) 547-5300 | F: (818) 547-5678
E-mail: michael@boyamianlaw.com
        heather@boyamianlaw.com

Attorneys for Plaintiffs GEORGE VALDEZ, and RAUL ROMERO
individually and on behalf of all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE VALDEZ, individually, RAUL ROMERO, individually, and on behalf of all others similarly situated, | CASE NO.: 5:22-cv-01719-SSS-SHK |
| Plaintiffs, | **FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:** |
| vs. | |
| SHAMROCK FOODS COMPANY, an Arizona corporation; and DOES 1 through 25, inclusive, | (1) Failure to Pay Meal and Rest Period Compensation (Cal. Labor Code §§ 226.7, 512, 518 558 and 1197 and IWC Wage Orders); |
| Defendants. | |

(2) Waiting Time Penalties (Cal Labor Code §§ 203 and 204);

(3) Failure to Pay Compensation for All Hours Worked And Minimum and Overtime Wage Violations (Cal. Labor Code §§ 216, 221, 225.5, 510, 551, 552, 1194 to 1197.1 and IWC Wage Orders);

(4) Failure to Provide Accurate Itemized Wage Statements (Cal. Labor Code §§ 226 and 226.3);

(5) Failure to Maintain Complete and Accurate Time and Payroll Records – Cal. Labor Code §§ 204, and 210 and IWC Wage Orders);

(6)   Failure to Reimburse for Work
Expenses – (Cal. Labor Code §
2802);

(7)   Unfair Competition (Business and
Professions Code §§ 17200, *et
seq.*);

(8)   Civil Penalties Pursuant to Private
Attorneys General Act (Cal. Labor
Code § 2698, *et seq.*)

**JURY TRIAL DEMANDED**

Plaintiffs GEORGE VALDEZ and RAUL ROMERO ("Plaintiffs"), individually, and on behalf of all similarly situated individuals, allege as follows:

**GENERAL ALLEGATIONS**

1.     This is a proposed class and representative action brought against Defendant SHAMROCK FOODS COMPANY, an Arizona corporation; and DOES 1 through 25, inclusive (hereinafter "Shamrock" or "Defendant"), on behalf of Plaintiffs and all other individuals who were employed as Delivery Drivers, or any other similarly situated non-exempt, hourly position (collectively, "Class Members"), at any time during the four years preceding the filing of this action, and continuing while this action is pending ("Class Period"), and who were denied the benefits and protections required under the Labor Code and other statutes and regulations applicable to employees in the State of California.

2.     During the Class Period, Defendant:

a.     failed to pay wages for all hours worked by Class Members;

b.     failed to pay minimum and overtime wages due to the Class Members;

c.     failed to provide the Class Members with timely and accurate wage and hour statements;

d.     failed to maintain complete and accurate payroll records for the

2

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Class Members;

e.    failed to provide Class Members with meal periods and rest periods in accordance with and in violation of the applicable Industrial Welfare Commission wage orders, and California Labor Code sections 226.7 and 510.

f.    failed to pay Class Members the additional hour of pay for not providing meal periods and rest periods in accordance with and in violation of the applicable Industrial Welfare Commission wage orders, and California Labor Code sections 226.7;

g.    wrongfully withheld wages and compensation due to the Class Members;

h.    failed to reimburse for work expenses; and

i.    committed unfair business practices in an effort to increase profits and to gain an unfair business advantage at the expense of the Class Members and the public.

3.    The foregoing acts and other acts by Defendant - committed throughout California and Riverside County - violated numerous provisions of California law, including Labor Code §§ 201, 202, 203, 204, 210, 216, 221, 225.5, 226, 226.3, 226.7, 510, 511, 512, 551, 552, 558, 1174, 1194-1197.1, 1198, 2802, and 2698, *et seq*. and the applicable Wage Orders issued by the Industrial Welfare Commission (collectively, "Employment Laws and Regulations"), Business & Professions Code §§ 17200 *et seq*., and violated Plaintiffs' rights and the rights of the Class Members and pool of Aggrieved Employees.

## **JURISDICTION AND VENUE**

4.    This Court has jurisdiction over all causes of action herein pursuant to the California Constitution, Article VI, § 10, Code of Civil Procedure § 410.10 and Business and Professions Code § 17203.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

5.     Venue is proper in this Court under Code of Civil Procedure §§ 395 and 395.5 because Defendant operates in this County, Plaintiffs George Valdez and Raul Romero reside in and/or worked in this county and the injuries that are the subject of this lawsuit arose in this county.

## THE PARTIES

6.     Plaintiff George Valdez was employed by Defendant as a Delivery Driver from approximately May 14, 2018 to on or about February 15, 2022 based at Defendant's distribution center located at 12400 Riverside Drive, Eastvale, California 91752. Throughout his employment with Defendant, Plaintiff Valdez was a non-exempt, hourly employee. Plaintiff Valdez resided in and performed duties in the County of Riverside during the last year preceding the filing of this action.

7.     Plaintiff Raul Romero was employed by Defendant as a Delivery Driver from approximately February 14, 2022 to on or about April 19, 2023 based at Defendant's distribution center located at 12400 Riverside Drive, Eastvale, California 91752. Throughout his employment with Defendant, Plaintiff Romero was a non-exempt, hourly employee. Plaintiff Romero resided in and performed duties in the County of Riverside during the last year preceding the filing of this action.

8.     Defendant SHAMROCK FOODS COMPANY, is, and at all relevant times was, an Arizona corporation, licensed to do business and actually doing business in the State of California.  Shamrock is one of the Top 10 largest foodservice distributors nationwide and serves restaurant, hospitality and institutional food service customers throughout the Western U.S. Shamrock is headquartered in Phoenix, Arizona and has broadline distribution warehouses across the Western U.S. including Eastvale, California. As part of Shamrock's operations, Delivery Drivers provide delivery services of food and food related products to Shamrock's customers.

9.     Plaintiffs are currently unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 25, inclusive, and therefore sues those defendants by such fictitious names.  Plaintiffs will amend this

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Complaint to allege the true names and capacities of such fictitiously named defendants
when they are ascertained.  Plaintiffs are informed and believe and based thereon state
that the persons sued herein as DOES are in some manner responsible for the conduct,
injuries, and damages herein alleged.

10.    Plaintiffs are informed and believe and based thereon allege that each
defendant sued in this action, including each defendant sued by the fictitious names
DOES 1 through 25, inclusive, is responsible in some manner for the occurrences,
controversies and damages alleged below.

11.    Plaintiffs are informed and believe and based thereon allege that each of
the Defendants, inclusive, were the agents, servants and/or employees of the other
Defendants and, in doing the things hereinafter alleged and at all times, were acting
within the scope of their authority as such agents, servants and employees, and with
the permission and consent of the other Defendants.

12.    Plaintiffs are informed and believe and based thereon allege that
Defendants ratified, authorized, and consented to each and all of the acts and conduct
of each other as alleged herein.  Each of the defendants were the agent and/or employee
of the others, and the conduct of each defendant herein alleged was authorized and/or
ratified by the others.  The conduct of the Company was carried on by and through its
authorized agents, including owners, officers, directors, managers, and supervisors.

## FACTS

13.    Plaintiffs are individuals who resided in the County of Riverside, during
the year preceding the filing of this action.  Plaintiffs were employed by Defendant as
commercial Delivery Drivers at the Eastvale, California distribution center in
Riverside County within the last four years preceding the filing of this action.
Plaintiffs' duties included delivering and transporting food products and cargo from
Defendant's distribution center to various customers of Defendants in and throughout
California.

14.    During Plaintiffs' employment with Defendant, the Company did not

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

provide Class Members, including Plaintiffs, with legally compliant meal periods and rest breaks.

15.    With respect to meal breaks, Defendant required Plaintiffs, Class Members, and Aggrieved Employees to continuously drive loads without providing proper off-duty meal breaks. Plaintiffs and all other Class Members and Aggrieved Employees regularly work more than five (5) hours per day without receiving an adequate off-duty meal period of at least thirty (30) minutes during which they were relieved of all duties. Defendant did not provide Plaintiffs and all other Class Members and Aggrieved Employees with one (1) additional hour of pay for each workday that a proper meal period was not provided. Indeed, most Class Members and Aggrieved Employees do not take their meal period after the conclusion of the fifth hour- if one is taken at all. In fact, Plaintiffs report that they and other Class Members and Aggrieved Employees would go back into the timekeeping system at the end of their day to input timely meal periods so as to not trigger a violation, when in reality there was no time for a meal break and no meal break was actually taken.

16.    Defendant also discourages and dissuades Class Members and Aggrieved Employees, including Plaintiffs, by overloading their schedules with deliveries, as Delivery Drivers were assigned anywhere from 13-20 deliveries a day, which could not possibly be completed by their maximum drive time if Class Members and Aggrieved Employees, including Plaintiffs, were to actually take a timely, off duty meal period. Class Members and Aggrieved Employees, including Plaintiffs, are also graded, and evaluated on the timeliness of their deliveries. Thus, Class Members and Aggrieved Employees who take meal periods within the first five (5) hours risk being late on deliveries, which could subject them to questioning.

17.    Further, throughout the Relevant Time Period, Plaintiffs and other Class Members and Aggrieved Employees were routinely denied the rest breaks they were entitled to under California law, including: (a) failing to provide paid rest periods of ten (10) minutes during which Plaintiffs and other similarly-situated Class Members

and Aggrieved Employees were relieved of all duty for each four (4) hours of work or major fraction thereof; (b) failing to pay Plaintiffs and other Class Members and Aggrieved Employees one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

18.    With respect to rest breaks, Defendant requires Plaintiffs and other Class Members and Aggrieved Employees to continuously drive loads without providing rest breaks. Plaintiffs and other Class Members and Aggrieved Employees regularly worked more than three-and-one-half (3.5) hours without being permitted to take a ten (10) minute rest period. Defendant did not provide Plaintiffs and other Class Members and Aggrieved Employees one (1) additional hour of pay for each workday that a rest period was not provided. Class Members and Aggrieved Employees, including Plaintiff, report not taking rest periods because their schedules were overloaded with deliveries to such an extent that taking a rest period may result in missed or late deliveries or failure to complete all assignments before exhausting the maximum allowable driving hours.

19.    Class Members and Aggrieved Employees, including Plaintiffs, are also paid according, and corresponding to their assigned schedule.  That means Class Members and Aggrieved Employees are not paid for pre-shift work and post-shift work.  There are many instances in which Class Members and Aggrieved Employees are under Defendant's control but are not compensated.

20.    Specifically, Defendant requires Class Members and Aggrieved Employees, including Plaintiffs, to regularly work off-the clock. By way of example, Delivery Drivers were often instructed by their supervisors to clock-out before the 16th hour of work to prevent a Department of Transportation violation, even though Plaintiffs and other Class Members and Aggrieved Employees often had to continue working beyond the 16th hour to meet the demands of the job. Consequently, Plaintiffs after clocking-out would continue working off-the-clock to finish their scheduled deliveries and complete the necessary paperwork and office work.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

21.    Plaintiffs and Class Members and Aggrieved Employees, for a portion of time during the Class Period, were required to submit to a health screening prior to clocking-in. Plaintiffs and all other Class Members and Aggrieved Employees were required to wait in line with other employees to answer questions and to have their temperature scanned, resulting in an additional time  every morning in which Class Members, including Plaintiffs, were under the control of their employer, but were not being compensated.

22.    Furthermore, during Plaintiff Raul Romero's employment with Defendant, Defendant failed to reimburse Plaintiffs and other similarly situated Class Members and Aggrieved Employees with reimbursement for necessary business-related expenditures. Specifically, Plaintiff Raul Romero and other Delivery Drivers were required to use their personal cell phones for work-related purposes. Indeed, Shamrock's managers and dispatchers call employees on their personal cell phones to contact them regarding driving routes and other work-related issues during the drivers' daily routes. However, Mr. Romero and other aggrieved truck drivers were not compensated for the work-related use of their cell phones. Shamrock Foods also requires Mr. Romero and other Delivery Drivers to use their own personal funds to fulfill their job duties with no reimbursement. For example, when Mr. Romero was in Sacramento, he was required to have pallets that Shamrock did not provide resulting in him expending his own money to purchase the necessary equipment to complete his work. When Mr. Romero later submitted an expense reimbursement form for the pallets he purchased and also for the overnight stay at a motel, the Company did not repay him and hasn't done so to this day.

23.    Moreover, during Plaintiffs' employment with Defendant, Defendant failed and refused to provide Plaintiff and other Class Members and Aggrieved Employees with timely and accurate wage and hour statements in violation of the Employment Laws and Regulations, including the wage and hour statements' failure to show all wages earned, all hours worked, or all applicable rates.  Additionally,

Defendant did not maintain adequate records of all wages earned, hours worked, and breaks taken.

24.    Finally, during Plaintiffs' employment with Defendant, Defendant wrongfully withheld from Plaintiffs and failed to pay wages and other compensation due for all hours worked, and as otherwise required per Employment Laws and Regulations. Defendant willfully and knowingly failed to pay Plaintiff and other Class Members and Aggrieved Employees, upon termination of employment, all accrued compensation including, but not limited to, payment of minimum wage compensation, overtime compensation, missed meal and rest period compensation and for time spent performing work off the clock at Defendant's direction.

25.    To the extent that any Class Members, including Plaintiffs, entered into any arbitration agreement with any Defendant, such agreement is void and unenforceable.  Any such agreement was one of adhesion, executed under duress, lacked consideration and mutuality, and is otherwise void under both Labor Code § 229 and the California Supreme Court case of *Armendariz v. Foundation Health Psychare Services, Inc.* (2000) 24 Cal.4th 83.

## CLASS ACTION ALLEGATIONS

26.    All current and former Delivery Drivers, or any other similarly situated non-exempt, hourly employee who was employed by Defendant in California during the Class Period, including Plaintiffs, are proposed class members (henceforth, "Class Members").

27.    The Class Members' and Aggrieved Employees' duties and activities during their respective working hours and each shift are known to and directed by Defendant and are set and controlled by Defendant.

28.    During the Class Period, Defendant has routinely failed to provide Class Members with legally compliant and mandated meal and rest breaks.

29.    During the Class Period, Defendant refused to compensate Class Members for all wages earned ("off-the-clock" work) and for all hours worked

including time during which Class Members were subject to Defendant's control and were suffered or permitted to work. Defendant failed and refused to pay Class Members for all hours worked, including but not limited to time worked before, during, and after the official end times of their shifts, and during their meal and rest periods.

30. During the Class Period, Defendant has failed and refused to provide Class Members with timely and accurate wage and hour statements.

31. During the Class Period, Defendant has failed and refused to maintain complete and accurate payroll records for Class Members showing gross hours earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

32. During the Class Period, Defendant has wrongfully withheld and failed to pay Class Members wages and other compensation earned and due them for all hours worked and as otherwise required pursuant to the Employment Laws and Regulations, including the payment of reporting time pay and the correct amounts of overtime wages owed.

33. Defendant's conduct violated the Employment Laws and Regulations. Defendant's systematic acts and practices also violated, inter alia, Business & Professions Code §§ 17200, *et seq*.

34. Plaintiff also seeks all other compensation and all benefits required pursuant to the Employment Laws and Regulations, plus penalties and interest, owed to Class Members.

35. The duties and business activities of the Class Members were essentially the same as the duties and activities of the Plaintiff. At all times during the Class Period, all of the Class Members were employed in the same or similar job as Plaintiff (as a non-exempt, hourly employees) and were paid in the same manner and under the same standard employment procedures and practices as Plaintiff.

36. During the Class Period, Defendant was fully aware that Plaintiffs and the

Class Members and Aggrieved Employees were performing "off-the-clock" unpaid work and not being paid for all hours worked in violation of the provisions of the Labor Code.

37.    Defendant's violations of the Employment Laws and Regulations were repeated, willful and intentional.

38.    Plaintiff and the Class Members and Aggrieved Employees have been damaged by Defendant's conduct.

39.    While the exact number of Class Members and Aggrieved Employees are unknown to Plaintiffs at the present time, based on information and belief, there are more than 750 such persons.  A class and/or representative action is the most efficient mechanism for resolution of the claims of the Class Members and Aggrieved Employees.  In addition, a class action is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by individual Class Members may be relatively small, and the expense and burden of individual litigation would make it impossible for such Class Members individually to redress the wrongs done to them.  Moreover, because of the similarity of the Class Members' claims, individual actions would present the risk of inconsistent adjudications subjecting Defendant to incompatible standards of conduct.

40.    The proposed Class that Plaintiffs seek to represent IS defined as follows: All current and former non-exempted employees employed by Defendant as Delivery Drivers, or any other similarly titled, non-exempt, hourly positions, in the State of California, from four years prior to the initial filing of this Action and continuing while this Action is pending.

41.    The proposed pool of Aggrieved Employees that Plaintiff Raul Romero seeks to represent are all current and former non-exempt employees employed by Defendant as Drivers in the State of California from May 24, 2022 and continuing while this Action is pending ("PAGA Period").

42.    There is a well-defined community of interest in the litigation and the

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

proposed Class is easily ascertainable:

a.    <u>Numerosity</u>:  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed in excess of 750 persons as non-exempt, hourly employees in California during the proposed and combined Class and PAGA Periods.

b.    <u>Commonality</u>:  There are questions of law and fact common to Plaintiffs and the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

i.    Whether Defendant failed to compensate Plaintiffs and the Class Members for all hours worked;

ii.    Whether Defendant failed to pay Plaintiffs and the Class Members the required minimum wage for every hour where work was performed;

iii.    Whether Defendant failed to provide Plaintiffs and the Class Members with accurate itemized statements;

iv.    Whether Defendant failed to provide meal and rest breaks for Plaintiffs and the Class Members;

v.    Whether Defendant engaged in unfair business practices under Business and Professions Code §17200;

vi.    The effect upon and the extent of damages suffered by Plaintiffs and the Class Members and the appropriate amount of compensation.

c.    <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the proposed Class. Plaintiffs and all Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

d.    <u>Adequacy of Representation</u>:  Plaintiffs are members of the proposed Class and will fairly and adequately represent and protect the interests of the

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Class Members. Counsel who represents Plaintiffs are competent and experienced in litigating large wage and hour and other employment class actions.

e. <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Questions of law and fact common to the proposed Class predominate over any questions affecting only individual Class Members.  Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices of failing to pay full and correct wages, including the minimum wage and overtime premium wages, as required by law. A class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## FIRST CAUSE OF ACTION

**(Failure to Provide Meal and Rest Periods – Cal. Labor Code §§ 226.7, 512 558, and 1197 and IWC Wage Orders**

**By Plaintiffs Individually and on Behalf of All Class Members)**

43.    As a separate and distinct cause of action, Plaintiffs complain and reallege all of the allegations contained in this complaint and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

44.    Defendant failed to make available to Plaintiffs and Class Members uninterrupted, work-free 30-minute meal periods for shifts in excess of five (5) hours worked and to compensate them with premium pay for these missed meal periods as required by law.

45.    Defendant, throughout Plaintiffs' employment with Defendant, failed to make available to Plaintiffs any breaks for shifts in excess of four (4) hours as required by law and failed to compensate them with premium pay for missed rest periods. Defendant also failed to make available to Class Members rest periods for shifts in excess of four (4) hours as required by law and failed to compensate them for missed

rest periods.

46.    Plaintiffs are informed and believe, and thereon allege that the failure of Defendant to make available meal and rest periods and to not compensate Plaintiffs and Class Members for these missed meal and rest periods was willful, purposeful, and unlawful and done in accordance with the policies and practices of Defendant's operations.

47.    The Class Members, including Plaintiffs, have been deprived of their rightfully earned compensation for meal and rest periods as a direct and proximate result of Defendant's policies and practices and Defendants' failure and refusal to pay that compensation. The Class Members, including Plaintiffs, are entitled to recover such amounts pursuant to Labor Code § 226.7(b), plus interest.

## SECOND CAUSE OF ACTION

**(Waiting Time Penalties- California Labor Code § 203, By Plaintiffs individually and on behalf of all other Class Members)**

48.    As a separate and distinct cause of action, Plaintiffs complains and realleges all of the allegations contained in this complaint and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

49.    Pursuant to California Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately. Pursuant to California Labor Code § 202, if an employee quits his or his employment, the wages earned and unpaid at the time of the discharge are due and payable within seventy-two (72) hours of the resignation.

50.    Plaintiffs and Class Members were either terminated by Defendant or have resigned from their employment with Defendant. To this day, Plaintiffs and Class Members have not received the wages and other compensation they rightfully earned.

51.    Defendant, and each of them, willfully refused and continue to refuse to pay Plaintiffs and Class Members all wages earned in a timely manner, as required by

1   California Labor Code § 203. Plaintiffs therefore request restitution and penalties as

2   provided by California Labor Code § 203.

3   ## THIRD CAUSE OF ACTION

4   **(Failure to Pay Compensation For All Hours Worked And Minimum And**

5   **Overtime Wage Violations – Cal. Labor Code §§ 216, 221, 225.5, 510, 551, 552,**

6   **1194, to 1197.1,and IWC Wage Orders  By Plaintiffs Individually and on Behalf**

7   **of All Class Members)**

8       52.    As a separate and distinct cause of action, Plaintiffs complain and

9   reallege all of the allegations contained in this complaint and incorporates them by

10  reference into this cause of action as though fully set forth herein, excepting those

11  allegations which are inconsistent with this cause of action.

12      53.    Plaintiffs bring this action to recover unpaid compensation for all hours

13  worked as defined by the applicable Industrial Welfare Commission wage order as the

14  time during which an employee is subject to the control of an employer and includes

15  all the time the employee is suffered or permitted to work, whether or not required to

16  do so.

17      54.    Defendant's conduct described in this Complaint violates, among other

18  things, Labor Code sections 216, 510, 1194 and 1197. Defendant failed to pay wages

19  or compensation for all hours worked, including  minimum wage and overtime

20  violations, which includes failure to pay compensation for time under Defendant's

21  control, work off the clock, and reporting time pay.

22      55.    Defendant does not pay minimum and overtime wages to Plaintiffs and

23  Class Members for all hours worked when Plaintiffs and Class Members are subject to

24  Defendant's unlawful piece-rate compensation scheme.

25      56.    More specifically, Defendant failed to pay Plaintiffs and the Class

26  Members for all of the actual hours worked when Plaintiffs and Class Members

27  continuously work through their purported meal and rest periods. Defendant knew or

28  should have known that Plaintiffs and the Class Members were working these hours.

57.    Plaintiffs and the Class Members are entitled to recover the unpaid balance of compensation Defendant owes Plaintiffs and the Class Members, plus interest on that amount, liquidated damages pursuant to Labor Code section 1194.2 and reasonable attorney fees and costs of this suit pursuant to Labor Code section 1194. Plaintiffs and the Class Members are also entitled to additional penalties and/or liquidated damages pursuant to statute.

58.    Plaintiffs and Class Members are also entitled to penalties pursuant to Paragraph No. 20 of the applicable Wage Order which provides, in addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of the Wage Order, shall be subject to a civil penalty of $50.00 (for initial violations) or $100.00 (for subsequent violations) for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages

## **FOURTH CAUSE OF ACTION**

**(Failure to Furnish Accurate Wage and Hour Statements – Cal. Labor Code §§ 226 and 226.3**

**By Plaintiffs Individually and on Behalf of All Class Members)**

59.    As a separate and distinct cause of action, Plaintiffs complain and reallege all of the allegations contained in this complaint and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

60.    During the Class Period, Defendant has routinely failed to provide Class Members, including Plaintiffs, with timely and accurate wage and hour statements showing gross hours earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

61.    As a consequence of Defendant's actions, Class Members are entitled to

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

all available statutory penalties, costs and reasonable attorneys' fees, including those provided in Labor Code § 226(e), as well as all other available remedies.

## FIFTH CAUSE OF ACTION

**(Failure to Maintain Complete and Accurate Time and Payroll Records – Cal. Labor Code §§ 204, and 210 and IWC Wage Orders – By Plaintiffs By Plaintiffs Individually and on Behalf of All Class Members)**

62.    As a separate and distinct cause of action, Plaintiffs complain and reallege all of the allegations contained in this complaint and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

63.    During the Class Period, Defendant failed to maintain complete and accurate time and payroll records, including failure to maintain adequate records of all wages earned, hours worked, breaks taken, deductions made, hourly rates, and numbers of hours worked at each hourly rate.

64.    As a consequence of Defendant's actions, Class Members are entitled to all available statutory penalties, costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

**(Failure to Reimburse for Work Related Expenses - Cal. Labor Code § 2802 By Plaintiffs Individually and on Behalf of All Class Members)**

65.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

66.    Pursuant to Labor Code § 2802(a), an employer shall indemnify its employees for all necessary expenditures or losses incurred by the employees in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

67.    During the Class Period, the Class Members, including Plaintiff,

incurred necessary business-related expenses and costs that were not fully reimbursed
by Defendant, including and without limitations, personal cellular phone usage and
data usage and vehicle procurement, upkeep, maintenance, and mileage
reimbursement.

68.    During the Class Period, Defendant failed to reimburse the Class
Members, including Plaintiffs, for necessary business-related expenses and costs.

69.    The Class Members, including Plaintiffs, are entitled to recover from
Defendant their business-related expenses and costs incurred during the course and
scope of their employment, plus attorneys' fees, costs and interest accrued from the
date on which the employee incurred the necessary expenditures.    **SEVENTH**

**CAUSE OF ACTION**

**(For Unfair Competition - Business & Professions Code § 17200, et seq.**

**By Plaintiffs Individually and on Behalf of All Class Members)**

70.As a separate and distinct cause of action, Plaintiffs complain and
reallege all of the allegations contained in this complaint and incorporate them by
reference into this cause of action as though fully set forth herein, excepting those
allegations which are inconsistent with this cause of action.

71.As a result of Defendant's unfair business practices, Defendant has reaped
unfair benefits and illegal profits at the expense of Class Members, including Plaintiffs,
and members of the public.  Defendant should be made to disgorge their ill-gotten gains
and to restore them to Class Members, including Plaintiffs.

72.Defendant's unfair business practices violate the Unfair Competition
Laws and entitle Plaintiffs to seek preliminary and permanent injunctive relief
including, but not limited to, orders that Defendant account for, disgorge and restore to
the Class Members, including Plaintiffs, the wages and other compensation unlawfully
withheld from them.

73.In addition to the actual damages caused by the unlawful conversion, the
Class Members, including Plaintiffs, are entitled to recover exemplary damages for the

sake of example and by way of punishing Defendant.

## <u>EIGHTH CAUSE OF ACTION</u>

**(Private Attorneys General Act – Labor Code §§ 2698 et seq.**

**By Plaintiff Raul Romero, Individually, and on Behalf of the State of California**

**and Aggrieved Employees)**

74. As a separate and distinct cause of action, Plaintiff Raul Romero complains and realleges all of the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

75. Plaintiff Raul Romero is an aggrieved employee as defined in Labor Code § 2699(a).  Plaintiff Romero brings this cause on behalf of himself, and other current or former employees affected by the labor law violations alleged in this complaint.

76. Defendant, at all times relevant to this complaint, was an employer or person acting on behalf of an employer who violated Plaintiff Romero's rights by violating relevant sections of the California Labor Code and are subject to civil penalties.

77. Defendant committed the following violations of the Labor Code against Plaintiff Romero, and, on information and belief, against other current or former employees while they were employed by Defendant:

(a)     Defendant violated Labor Code §§ 201-203 by failing to pay all wages due on the date of the employee's involuntary termination or within 72 hours of the employee's voluntary termination.

(b)     Defendant violated Labor Code § 204 by failing to pay all wages due at least twice during each calendar month, in compliance with those provisions.

(c)     Defendant violated Labor Code § 216 by, having the ability to

pay, willfully refusing to pay wages due and payable after demand has been made.

(d)   Defendant violated Labor Code §§ 226 and 226.3 by failing to provide accurate itemized wage statements.

(e)   Defendant violated Labor Code §§ 510 and 511 and provisions of the applicable IWC Wage Order by failing to compensate Aggrieved Employees, including Plaintiff, at one and one-half times the regular rate of pay for any work in excess of eight hours in a day and 40 hours in a week.

Defendant violated Labor Code § 551 by not providing one day's rest, and Labor Code § 552 by causing employees to work more than six days in seven

(f)   Defendant violated Labor Code §§ 226.7 and 512 by failing to provide meal and rest periods compliant with California law.

(g)   Defendant violated Labor Code §§ 1174 and 1198 by failing to maintain payroll records showing the daily hours worked.

(h)   Defendant violated Labor Code § 2802 by failing to provide reimbursement for necessary business-related expenditures incurred during the course and scope of employment.

(i)   Defendant violated Labor Code §§ 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order by failing to pay the legal minimum wage.

(j)   Defendant violated Labor Code § 1199 by requiring or causing Aggrieved Employees, including Plaintiff, to work for longer

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

hours than those fixed, or under conditions of labor prohibited by the applicable IWC Wage Order, by paying Aggrieved Employees, including Plaintiff Romero, a wage less than the minimum fixed by the applicable Wage Order, or by violating or refusing or neglecting to comply with the provisions of Labor Code Division 2, Part 4, Chapter 1 or the applicable IWC Wage Order.

Defendant violated Labor Code § 2802 by not reimbursing for work-related expenses.

78.     Plaintiff provided written notice on or about May 24, 2023 by certified mail to the Labor and Workforce Development Agency and to Defendants of the facts and theories regarding the violations of the Employment Laws and Regulations. Attached as Exhibit "1" is a true and correct copy of the letter sent to the LWDA and Defendants.  More than sixty-five days has elapsed since Plaintiff's submission to the LWDA.  The LWDA has not taken any action, nor advised Plaintiff it intends to take action, to investigate the violations of the California Labor Code alleged herein and has not provide any written notice.

79.     California Labor Code §§ 2698, et seq. ("PAGA") permits Plaintiff Romero to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5, for violations as stated herein pertaining to Labor Code sections 201, 202, 203, 204, 210, 216, 221, 225.5, 226, 226.3, 226.7, 510, 511, 512, 551, 552, 558, 1174, 1194-1197.1, 1198, 1199, and 2802. Labor Code section 2699.3(c) permits aggrieved employees, including Plaintiff, to recover civil penalties for violations of those Labor Code sections not found in section 2699.5, including sections 516 and 1182.12.

80.     Therefore, Plaintiff Romero and/or other Aggrieved Employees are entitled to recover civil penalties pursuant to Labor Code section 2699(a), (f), and (g). Pursuant to PAGA, Plaintiff Romero and the pool of Aggrieved Employees should be

awarded twenty-five percent (25%) of all penalties due under California law,

including attorneys' fees and costs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the Class and Aggrieved Employees, pray for judgment against Defendant as follows:

1.    For an Order certifying the First through Seventh Causes of Action as a class action;

2.    For an Order that the Eighth Cause of Action (PAGA) be maintained as a representative action;

3.    For an Order appointing Plaintiffs' counsel as Class Counsel;

4.    For compensatory damages in an amount to be ascertained at trial;

5.    For restitution in an amount to be ascertained at trial;

6.    For punitive and exemplary damages in an amount to be ascertained at trial;

7.    For all penalties allowed by law;

8.    For prejudgment interest;

9.    For reasonable attorneys' fees pursuant to Labor Code §§ 1194;

10.    For costs of suit incurred herein;

11.    For disgorgement of profits garnered as a result of Defendant's unlawful failure to pay wages, including overtime wages, earned; and

12.    For such further relief as the Court may deem appropriate.


DATED: October 25, 2023                    **BOYAMIAN LAW, INC.**


By: _____
        Michael H. Boyamian
        Attorneys for Plaintiffs GEORGE
        VALDEZ, RAUL ROMERO,
        individually and on behalf of all others
        similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiffs George Valdez and Raul Romero, individually, and on behalf of all similarly situated individuals, demands jury trial of this matter.

DATED: October 25, 2023                         **BOYAMIAN LAW, INC.**

By: _____
                         Michael H. Boyamian
                         Attorneys for Plaintiffs GEORGE
                         VALDEZ, RAUL ROMERO,
                         individually and on behalf of
                         all others similarly situated

**EXHIBIT 1**

# BOYAMIAN LAW

May 24, 2023

**SUBMITTED ELECTRONICALLY VIA ONLINE SUBMISSION**

Labor and Workforce Development Agency
Attention: PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, California 94102

> **Re:    Romero adv. Shamrock Foods Company**
> **Notice of PAGA Claims Pursuant to Labor Code Section 2699.3**

Dear Labor and Workforce Development Agency and Employer:

Our office represents aggrieved former employee Raul Romero with respect to various wage and hour claims on behalf of himself and other similarly situated current and former truck drivers of Shamrock Foods Company ("Shamrock Foods" or "Company") who work out of the various yard, distribution centers, or terminal locations owned and operated by the Company. The purpose of this letter is to satisfy the notice requirements of Labor Code Section 2699.3(a).

Below we set forth the facts and theories which we believe support our contention that Shamrock Foods has violated and continues to violate various provisions of the California Labor Code including, but not limited to, failure to provide meal and rest breaks (or compensation in lieu thereof), unpaid wages, and for failure to reimburse for necessary business expenditures.

Facts and Theories About the Case

1.      Introduction

For over 50 years, California's Courts and Legislature have recognized that this state's wage and hour laws serve a compelling public interest of fostering a stable job environment. Wages are not ordinary debts.  Because of the economic position of the average worker, it is essential to the public welfare that employers obey the wage and hour laws so that employees are promptly paid the minimum wages and overtime sums under law. So fundamental are these laws that the Legislature has criminalized certain employer conduct. Shamrock perpetuated an unlawful scheme to recklessly violate the wage and hour laws established by the California Legislature by blatantly denying the employees the benefits due for work performed in California.  The Company violated the California Labor Code by failing to provide statutorily compliant meal and rest periods, failure to reimburse for necessary business expenditures, and other statutory benefits mandated by California law.

Raul Romero was employed by the Company from approximately February 14, 2022 to on or about April 19, 2023. Throughout his employment with Shamrock Foods, Mr. Romero worked as a Local Delivery Driver out of Shamrock Foods' Eastvale distribution center or warehouse located in the County of Riverside. Mr. Romero was typically scheduled 14-hour shifts, which would last longer due to the press of work. Throughout his employment with Shamrock Foods, Mr. Romero was a non-exempt, hourly employee. Mr. Romero's routes along with the routes of other delivery drivers of Shamrock Foods typically cover a 150-mile radius. As such, Delivery Drivers, including Mr. Romero, fall within the scope of two of the short-haul driver exemptions on the Federal Motor Carrier Safety Act's ("FMCSA") regulations for the hours of service of motor carrier operators.

The first short-haul driver exemption to the FMCSA hour of services rules is contained within 49 C.F.R. § 395.1(e)(1) and states:

Short-haul operations-(1) 150 air-mile radius driver. A driver is exempt from the requirements of §§ 395.8 and 395.11 if:

(i)      The driver operates within a 150 air-mile radius (172.6 statute miles) of the normal work reporting location;

(ii)     The driver, except a driver-salesperson, returns to the work reporting location and is released from work within 14 consecutive hours;

(iii)    (A) A property-carrying commercial motor vehicle driver has at least 10 consecutive hours off-duty separating each 14 hours on-duty; (B) A passenger-carrying commercial motor vehicle driver has at least 8 consecutive hours off-duty separating each 14 hours on-duty; and

(iv)     The motor carrier that employs the driver maintains and retains for a period of 6 months accurate and true time records showing: (A) The time the driver reports for duty each day; (B) The total number of hours the driver is on-duty each day; (C) The time the driver is released from duty each day; and (D) The total time for the preceding 7 days in accordance with § 395.8(j)(2) for drivers used for the first time or intermittently.

The second short-haul driver exemption to the FMCSA hour of services rules is contained within 49 C.F.R. § 395.1(e)(2) and states:

(2) Operators of property-carrying commercial motor vehicles not requiring a commercial driver's license. Except as provided in this paragraph, a driver is exempt from the requirements of §§ 395.3(a)(2), 395.8, and 395.11 and ineligible to use the provisions of § 395.1(e)(1), (g), and (o) if:

(i)      The driver operates a property-carrying commercial motor vehicle for which a commercial driver's license is not required under part 383 of this subchapter;

(ii)     The driver operates within a 150 air-mile radius of the location where the driver reports to and is released from work, i.e., the normal work reporting location;

(iii)     The driver returns to the normal work reporting location at the end of each duty tour;

(iv)     The driver does not drive: (A) After the 14th hour after coming on duty on 5 days of any period of 7 consecutive days; and (B) After the 16th hour after coming on duty on 2 days of any period of 7 consecutive days;

The motor carrier that employs the driver maintains and retains for a period of 6 months accurate and true time records showing: (A) The time the driver reports for duty each day; (B) The total number of hours the driver is on duty each day; (C) The time the driver is released from duty each day; (D) The total time for the preceding 7 days in accordance with § 395.8(j)(2) for drivers used for the first time or intermittently.

Accordingly, our investigation leads us to the conclusion that the FMCSA's federal hours of service regulations simply do not apply to Mr. Romero and other similarly situated Delivery Drivers who perform work as "short-haul" drivers. See Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor       Carrier Safety Admin., 986 F.3d 841, 853 (9th Cir. 2021) citing Dilts v. Penske Logistics, 769 F.3d 637, 648 n.2 (9th Cir. 2014) (The Ninth Circuit explicitly found that individuals working in California as short-haul drivers were "not even 'covered by ... federal hours-of-service regulations.'")

2.     Failure to Provide Statutory Meal & Rest Periods - Violations of Labor Code Sections 226.7

Our investigation has revealed that as part of a uniform, company policy, Shamrock Foods requires Mr. Romero and all other truck drivers in California to continuously drive loads without providing proper off-duty meal breaks.  Mr. Romero and all other truck drivers in California regularly work more than five (5) hours per day without receiving an adequate off-duty meal period of at least thirty (30) minutes during which they were relieved of all duties.  A second meal period of not less than thirty minutes is required if an employee works more than ten hours per day, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and employee only if the first meal period was not waived. Labor Code Section 512. The Company did not provide Mr. Romero and all other aggrieved truck drivers in California one (1) additional hour of pay for each workday that a proper meal period was not provided.  Indeed, most drivers do not take their meal period after the conclusion of the fifth hour - if one is taken at all.  Mr. Romero's supervisor would inform him to work through meal breaks in an effort to timely deliver the cargo to their destinations. Shamrock Foods also discourages and dissuades truck drivers, including Mr. Romero, by overloading their schedules with deliveries.  Truck drivers, including Mr. Romero, are also graded and evaluated on the timeliness of their deliveries.  Thus, truck drivers who take meal periods within the first five hours risk being late on deliveries, which could subject to discipline. Shamrock would also automatically deduct from Delivery Drivers' time records each day 30

minutes for a meal break, never verifying whether or not they were actually able to take one.

Furthermore, Shamrock Foods requires Mr. Romero and other truck drivers to continuously drive loads without authorizing or providing rest breaks. Mr. Romero and other truck drivers regularly worked more than three-and-one-half (3½) hours without being authorized or permitted to take a ten (10) minute rest period. The Company did not provide Mr. Romero and other truck drivers one (1) additional hour of pay for each workday that a rest period was not provided. Delivery Drivers, including Mr. Romero, report not taking rest periods because they were never told they were authorized to do so. In addition, drivers' schedules are overloaded with deliveries to such an extent that taking a rest period may result in missed or late deliveries or failure to complete all assignments before exhausting the maximum allowable driving hours.

4.     Failure to Reimburse For Necessary Business-Related Expenses

Shamrock Foods does not reimburse Mr. Romero and other truck drivers for business-related expenses. California Labor Code section 2802 requires employers to indemnify their employees for all expenses that the employees necessarily expend as a direct result of the discharge of their employment duties or at the direction of the employer. Mr. Romero and other truck drivers were required to use their personal cell phones for work-related purposes. Indeed, Shamrock Foods managers and dispatchers call employees on their personal cell phones to contact them regarding driving routes and other work-related issues during the drivers' daily routes. However, Mr. Romero and other aggrieved truck drivers were not compensated for the work-related use of their cell phones. Shamrock Foods also requires Mr. Romero and other Delivery Drivers to use their own personal funds to fulfill their job duties with no reimbursement. For example, when Mr. Romero was in Sacramento, he was required to have pallets that Shamrock did not provide resulting in him expending his own money to purchase the necessary equipment to complete his work. When Mr. Romero later submitted an expense reimbursement form for the pallets he purchased and also for the overnight stay at a motel, the Company did not repay him and hasn't done so to this day.

5.     Failure to Pay For All Hours Worked

With respect to off-the-clock work, Shamrock Foods: (1) does not compensate Delivery Drivers, including Mr. Romero, for post-trip inspections and completing paperwork following deliveries; and (2) does not compensate Delivery Drivers, including Mr. Romero, for paperwork and the time spent at trucking terminals waiting for assignments or for their trucks to be loaded and unloaded. For example, our investigation has revealed that non-driving time spent waiting for the trucks to load the food cargo into the trailers actually counts towards the driver's maximum allowable driving hours. Shamrock Foods, in turn, does not record nor compensates Delivery Drivers, including Mr. Romero, for the time spent loading and unloading their trailers.

Claimant therefore seeks to recover civil penalties pursuant to the unpaid compensation for all hours worked as defined by the Labor Code and the applicable Industrial Welfare

Commission wage order as to the time during which an employee is subject to the control of an employer, and includes all the time the employee is engaged, suffered or permitted to work, whether or not required to do so, or as otherwise set forth in Dynamex Operations West, Inc. v. Superior Court of Los Angeles, (2018) 4 Cal.5th 903. See also Morillion v. Royal Packing Co. (2000) 22 Cal-4th 575; Troester v. Starbucks Corp. (2018) 421 P.3d 1114 (California Supreme Court decision affirming that relevant statutes and wage order do not allow employers to require employees to routinely work for minutes off-the-clock without compensation.) In California, the employer is required to keep records of all hours worked.  Labor Code § 1174(d).  California law also requires that all hours worked over 8 in a day or 40 in a week or worked on the 7th consecutive day of a work week be paid 1.5 times an employee's regular rate of pay.  See, e.g., Lab. Code §§ 510, 1194; Cal. Code Regs., tit. 8, § 11090, et seq.  In addition, hours worked over 12 in a day or hours over 8 worked on the 7th consecutive day in a week are paid at 2 times an employee's regular rate of pay.

> 6.    Other Claims

The other alleged violations, including waiting time penalties, are largely derivative of the failure to pay minimum wage and overtime claims as well as the failure to provide rest period claims. These unpaid wages and outstanding rest period were also not paid at the time of the employees' termination or resignation, in violation of Labor Code Section 203.  Additionally, wages that had been accounted for were not paid to employees upon the requisite time following their termination or resignation.

Scope of Anticipated Action

California Labor Code Section 2699.3(a) requires an aggrieved employee to inform the Agency before filing a civil action under the Private Attorneys General Act of 2004 ("PAGA"). Based on the foregoing facts, Mr. Romero is asserting PAGA claims on behalf of himself and on behalf of all other non-exempt, hourly Delivery Drivers employed by Shamrock Foods at its California terminal/warehouse locations from May 24, 2022, to the present.  Mr. Romero seeks civil penalties under PAGA for the following Labor Code violations:

> 1.    Violations of Labor Code section 558 for failing to pay wages due, including those for missed meal and rest periods as required by Labor Code sections 226.7 and 512.  Specifically, with respect to meal breaks, Shamrock Foods does not provide or otherwise permit Plaintiff and other truck drivers to take off-duty meal periods, and does not pay one additional hour of pay at their regular rate of compensation for each missed meal period.  Shamrock Foods also does not pay Plaintiff and other truck drivers for their rest periods.  Nor does it pay one additional hour of pay at their regular rate of compensation for each missed rest period.

> 2.    Violations of Labor Code section 2802, requiring employers to indemnify employees for all work-related expenditures.  Specifically, Shamrock Foods does not indemnify Plaintiff and other truck drivers for business related expenses incurred by

Plaintiff and other truck drivers  in the discharge of their work duties, including, but not limited to, required use of personal cell phones.

3.      Violations of Labor Code sections 226 and 226.3, requiring employers to provide specific information on employees' itemized wage statements, as Shamrock Foods does not include all hours worked and wages earned on the wage statements of Mr. Romero and other non-exempt, hourly employees along with the meal and rest break premiums owed.

4.      Violations of Labor Code sections 204 and 210, based on the Company's failure to pay aggrieved employees, including Mr. Romero, on the regular pay day all owed wages, and Shamrock Foods's failure to fully compensate former employees in a timely manner when their employment ended, in violation of Labor Code Section 201 et seq.

5.      Violations of Labor Code sections 201 through 203, requiring the timely payment of wages, as Shamrock Foods has not timely paid those truck drivers who are no longer employed with the Company all wages owed and due after termination of employment.

Accordingly, we believe the Company has violated, and continues to violate, numerous provisions of California law, including, without limitation Labor Code Sections §§ 201, 202, 203, 204, 210, 216, 221, 225.5, 226, 226.3, 226.7, 510, 511, 512, 551, 552, 558, 1174, 1194-1197.1, 1198, 2802, and 2698, et seq., as well as the relevant IWC orders and regulations, and that Mr. Romero and other similarly situated current and former non-exempt, hourly employees are entitled to all damages, restitution and statutory penalties allowed by law.  Our investigation is continuing, and there may be more violations uncovered.

We respectfully request that the Labor Workforce Development Agency notify this office within sixty (60) days if it wishes to investigate this matter further or, in the alternative, notify us that you will not pursue an investigation so that we may pursue these penalties under the Private Attorney General Act of 2004.  Should you have any questions or concerns or require additional information, please do not hesitate to contact the undersigned.

Thank you for your immediate attention to this matter.

Sincerely,

BOYAMIAN LAW, INC.

Michael H. Boyamian, Esq.

MHB:dc

Cc:    Shamrock Foods Company (Sent via Certified U.S. Mail, Return Receipt Requested)
CT Corporation System (Agent for Service of Process)
Attention: Amanda Garcia
330 N. Brand Blvd.
Glendale, CA 91203

Mr. Andrew J. Sommer (Via E-mail Only)
Fisher & Phillips LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071