MICHAEL H. BOYAMIAN, SBN 256107
michael@boyamianlaw.com
**BOYAMIAN LAW, INC.**
550 No. Brand Blvd., Suite 1500
Glendale, California 91203
Telephone: (818) 547-5300
Facsimile: (818) 547-5678

Attorneys for Plaintiffs George Valdez, Raul Romero, Individually and On Behalf of All Others Similarly Situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE VALDEZ, individually, RAUL ROMERO, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHAMROCK FOODS COMPANY, an Arizona Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No: 5:22-cv-01719-SSS-SHKx<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**<br><br>Date: March 29, 2024<br>Time: 2:00 p.m.<br>Judge: Hon. Sunshine S. Sykes |

1  The Court, having fully reviewed the Class Representatives' Motion for Final Approval of Class Action Settlement, and motion for attorneys' fees and costs, came on for hearing before this Court, the Honorable Sunshine S. Sykes, presiding, on March 29, 2024 at 2:00 p.m. Due and adequate notice having been given to the Class Members, and the Court having considered the Settlement, all papers and proceedings had herein, and all oral and written comments received regarding the proposed Settlement, and having reviewed the records in this case, and good cause appearing,

**THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:**

1. The Court finds, that the Settlement Agreement appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court, pursuant to Federal Rule of Civil Procedure 23 and applicable law; the Court notes that Defendant SHAMROCK FOODS COMPANY, an Arizona corporation, has agreed to pay the entire Settlement Amount of $1,000,000.00, including all attorney's fees and costs to Class Counsel, Service Payments to the Class Representatives, settlement payments to the Class Members and PAGA Employees, payment to the Settlement Administrator, and payment to the Labor Workforce and Development Agency ("LWDA"), in full satisfaction of the claims as more specifically described in the Joint Stipulation for Class Action and PAGA Settlement ("Settlement Agreement") attached as Exhibit 1 to the Declaration of Michael H. Boyamian.

It further appears to the Court that the settlement is fair and reasonable to Class Members when balanced against the probable outcome of further litigation, liability and damages issues, and potential appeals of rulings. It further appears that significant formal and informal discovery, investigation, research, and litigation has been conducted such that counsel for the Parties at this time are able

to reasonably evaluate their respective positions. It further appears that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation. It also appears that the proposed Settlement has been reached as the result of intensive, informed and non-collusive negotiations between the Parties;

The Court hereby **ORDERS** the following:

a. The Court confirms as final its provisional certification of the Class in its December 21, 2023 order preliminarily approving the Settlement. The "Class" and "Class Members" are defined as all current and former non-exempt employees employed by Shamrock Foods Company ("Shamrock") as Delivery Drivers, or any other similarly titled non-exempt, hourly position, in California from August 5, 2018 through the date of preliminary approval of this settlement. The "Settlement Class" or "Settlement Class Members" are all current and former non-exempt employees employed by Shamrock as Delivery Drivers, or any other similarly titled non-exempt, hourly position, in California from August 5, 2018 through the date of preliminary approval of this settlement, and do not submit timely and valid exclusion requests to the Settlement Administrator.

b. The Court confirms as final that the "PAGA Employees" are defined as "all current and former non-exempt employees employed by Shamrock as Drivers in California at any time from May 24, 2022 through the date of preliminary approval."

c. The Court confirms as final the retention of CPT Group, Inc. as Settlement Administrator for the purpose of the Settlement, with reasonable administration costs estimated not to exceed $20,000.

d. The Court confirms as final the appointment of Michael H. Boyamian

of Boyamian Law, Inc. as Class Counsel.

e. The Court hereby confirms as final the appointment of Plaintiffs George Valdez and Raul Romero as Class Representatives and awards $10,000 to Plaintiff George Valdez and $5,000 to Plaintiff Raul Romero for their services as Class Representatives.

f. The Court hereby approves the payment of fees and other charges of the settlement administrator CPT Group, Inc., totaling $12,000.

g. The Court hereby approves the allocation of $40,000 for civil penalties under the California Labor Code Private Attorneys General Act for distribution in accordance with Section 30(i) of the Settlement.

h. The Court approves an award of attorneys' fees of $333,333.33 (33.33 percent of the total settlement sum) and litigation costs of $12,601.91.

i. Pursuant to Fed. R. Civ. P. 23(e), the Court grants final approval to the Settlement, and orders the parties to implement, and comply with, its terms. The Court finds that the Settlement is fair, reasonable, and adequate in all respects, and that it is binding on all members of the Class. The Court specifically finds that this Settlement affords substantial monetary relief to the Class, and is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel after thorough factual and legal investigation, and significant litigation including fully briefing a motion for class certification. The Court further finds that the response of the Class to the Settlement supports final approval, in that zero Class Members objected to the proposed

Settlement[1] and two (2) members have excluded themselves from the Settlement. The two Class Members who have executed valid opt-outs to be excluded from the Settlement are (1) Juan C. Cervantes Sanchez, and (2) Michael P. Karcher.

j. The Notice provided to the Class constituted the best notice practicable under the circumstances, and fully met the requirements of due process under the United States Constitution and California Law, by providing individual notice to all Class Members who could be identified through reasonable effort.

**ACCORDINGLY, GOOD CAUSE APPEARING, THE MOTION FOR ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT IS HEREBY GRANTED.**

2. The Court finds that the Notice of Proposed Class Action Settlement, including the proposed Request for Exclusion and Objection forms, attached hereto as Exhibit B to the Settlement Agreement, fully advised Class Members of the proposed settlement, of preliminary Court approval of the proposed Settlement, exclusion timing and procedures, dispute resolution procedures, and of the Final Approval Hearing. These documents fairly and adequately advised Class Members of the terms of the proposed Settlement and the benefits available to Class Members thereunder, as well as their right to exclude themselves from the Class and procedures for doing so, and of the Final Approval

---

[1] While the Claims Administrator has indicated that two (2) objections were received, the Court finds that the objections submitted are invalid as one objection was withdrawn and the other does not describe or explain the basis of the objection as required by the Objection Form and the Settlement Agreement, rendering the objections invalid.

Hearing and the right of Class Members to file documentation in objection and to appear in connection with said hearing; the Court further finds that said Notice and accompanying forms clearly comports with all constitutional requirements including those of due process;

3. The Court finds that the proposed plan of allocation is fair and reasonable. The procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Class Members are fair, reasonable, and adequate. Payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement and this Order.

4. By operation of this Order and upon the effective date of the Judgment, Plaintiffs George Valdez and Raul Romero, shall release, relinquish, and discharge all claims, known and unknown, against the Releasees (as defined in Paragraph 15 of the Settlement Agreement) under the terms of Sections 41 and 30(n) of the Settlement Agreement.

5. By operation of this Order and upon the effective date of the Judgment, all Class Members who have not validly opted out of the Settlement shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Class Claims (as defined in Paragraph 13 of the Settlement Agreement) for the period August 5, 2018 through December 21, 2023 against the Releasees as set forth in Sections 13 and 41(b) of the Settlement Agreement.

6. By operation of this Order and upon the effective date of the Judgment, all PAGA Employees, regardless of whether they have requested exclusion from the Settlement, will have also released all Released PAGA Claims (as defined in Paragraph 14 the Settlement Agreement) for the period May 24, 2022 through December 21, 2023 as set forth in Sections 14 and 41(c) of the Settlement Agreement.

6. This Judgment is intended to be a final disposition of the above-captioned action in its entirety, and is intended to be immediately appealable.

7. This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the settlement, and any and all claims, asserted in, arising out of, or related to the subject matter of the lawsuit, including but not limited to all matters related to the settlement and the determination of all controversies relating thereto.

8. Defendant Shamrock Foods Company shall fund the settlement account within fifteen (15) business days of the Effective Date of this settlement, as defined in Paragraph 30(b) of the Settlement Agreement.

9. The Settlement Administrator shall cause the Settlement Payments to be issued to the Class Representatives, Class Members, Class Counsel, Settlement Administrator and LWDA, within fourteen (14) calendar days of the settlement account being funded by Shamrock Foods Company.

8. The requested attorneys' fees and costs are fair, reasonable, and were incurred in the best interests of the Class. Class Counsel, Boyamian Law, Inc., achieved a settlement for the Class Members through their diligent research, investigation, and litigation of the case. Therefore, the fees are appropriate under a percentage-of-recovery analysis, as the fees requested are in line with previous awards affirmed and approved by the Ninth Circuit Court of Appeals and the Central District of California. *See, e.g., In re Pac. Enterprises Sec. Litig.* (9th Cir. 1995) 47 F.3d 373, 378-79 (affirming fee award of one-third of settlement); and *In re Heritage Bond Litigation*, No. 02-ML-1475-DT, 2005 WL 1594403, *19 (C.D. Cal. June 10, 2005) (33 1/3% of $27.83 million).

9. The Court grants an award of attorneys' fees of $333,333.33 (33.33 percent of the total settlement sum) and litigation costs of $12,601.91. for a total fee and expense award of $345,287.82 to be deducted from the settlement

7
ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT

1 fund of $1,000,000.00 pursuant to the terms of the Joint Stipulation for Class
2 Action and PAGA Settlement, attached to the Declaration of Michael H. Boyamian
3 as Exhibit "1".

4     10.    The Settlement Administrator shall also post a copy of this Order
5 and Judgment on the website maintained by CPT Group, Inc., for a period of not
6 less than 90 calendar days after the final Judgment is entered.

7     11.    As the Motion is **GRANTED,** the Court hereby **ORDERS** the
8 Parties to file a declaration from the Settlement Administrator on December 13,
9 2024, detailing the final accounting of the settlement. Moreover, the Court hereby
10 **SETS** a hearing for the final accounting on December 20, 2024, at 2:00 p.m., via
11 Zoom video conference.

13     **IT IS SO ORDERED.**

15 Dated: April 5, 2024

    THE HONORABLE SUNSHINE S. SYKES
    UNITED STATES DISTRICT COURT JUDGE